RUFUS W. POTTER, Appellant, *v.* FREDERICK H. BISSELL, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

Upon trial of an action before a justice of the peace, to recover a balance claimed, the plaintiff swore that the defendant, at the time of making a payment had said and admitted, that there was a balance due; the defendant testified to the conversation at the time mentioned, and his version of it contradicted the plaintiff as to the alleged admission; he was then asked by his counsel if at the time he made the payment he had admitted that there was a balance due, and the question, being objected to as leading, was excluded.—*Held*, that the defendant, was entitled to the benefit of his positive and unequivocal denial of the admission, and that the exclusion of the question, under the objection made, was error.

THE action was commenced before a justice of the peace of the county of Otsego, to recover the balance of twelve dollars, purchase-money and interest on an alleged sale of hops, made by the son of plaintiff to the defendant, and assigned to the plaintiff. The defendant had paid the plaintiff's assignor, sixty dollars on account of the purchase-money. The justice rendered a judgment in favor of the plaintiff for twelve dollars and fifty cents damages and five dollars costs. The defendant appealed to the Otsego County Court, which reversed the judgment, and the plaintiff thereupon appealed to this court.

*E. Countryman*, for the appellant.

*S. Holden*, for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The judgment rendered by the justice was reversed by the County Court upon the ground that there was error in the rejection of evidence. The action was for a balance of twelve dollars claimed to be due upon the sale of hops, and upon the trial the plaintiff's assignor, by whom the sale was made to the defendant, testified that he and the defendant looked over the account at the time the defendant paid the sixty dollars, and at that time the defendant said there was twelve dollars still due. He subsequently testified as follows: "At the time I received the sixty dollars, defendant admitted there was twelve dollars still due." The defendant being called as a witness on his own behalf, gave a different version of the transaction and conversation had between him and the plaintiff's witness, which contradicted the latter in every material point. He testified, among other things, as follows: "It strikes me, at our figuring, when I paid the sixty dollars I told him if the hops went in on the contract there would be some twelve dollars his due;" thus qualifying any admission he had made, and contradicting indirectly, if not directly, the evi-

dence of the witness that the defendant had unqualifiedly and absolutely admitted that there was twelve dollars due. The defendant's counsel then asked the following question: "Did you, at the time you paid the sixty dollars, admit there was twelve dollars yet due?" This was objected to as leading, and the objection sustained. I think the defendant had a right to call for a response to this question directly. The admission had been positively sworn to, and, although the defendant had testified to a fact which was entirely inconsistent with it and contradicted it, he had a right to a flat and an unequivocal denial of the admission testified to. It is said the answer involved a mere conclusion, following from the testimony given, and could not have strengthened it. It was not objected to upon any such ground; and even if it had been, I think it was admissible. It tended to strengthen the defendant's testimony, by flatly denying he had made any such admission; and it was no more of a conclusion than the testimony sworn to by the plaintiff's witness, to contradict which it was offered. Had the defendant failed to contradict plainly the admission testified to, it might well have been urged that he could not do so, and the omission might have had an unfavorable effect upon the defendant's evidence.

The defendant clearly was entitled to meet the evidence given by positive testimony, equally strong and emphatic, and his testimony upon the cross-examination that he did not promise and agree to pay twelve dollars more to Potter when he paid the sixty dollars, does not obviate the difficulty. It tended to strengthen the evidence given, but it did not meet it in direct terms, as was manifestly proper he should have been allowed to do. It was not identical or equivalent to the testimony offered and excluded. The evidence of the plaintiff's witness was that the defendant admitted a certain sum due, and the proof last mentioned was that he did not promise or agree to pay the amount. We are unable to determine whether the justice considered the last proof as equivalent to that offered, and as it is not entirely apparent that the failure

to prove an absolute denial of the alleged admission might not have affected the decision, or that the proof might not have changed the result, we cannot say that its exclusion worked no injury to the defendant. As the question involved a contradiction of the witness on a material point, I think it was not leading, and, therefore, not properly excluded for that reason. Although in reviewing proceedings before justices of the peace, it is eminently proper to put a fair and reasonable construction upon them, we cannot overlook a violation of legal rules in the rejection of testimony. I think the County Court were right in reversing the judgment of the justice; and the judgment of the County Court must be affirmed, with costs.

Judgment affirmed.